**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **QINGGANG MA AND SULAN QI** | § § § | **CIVIL ACTION NO. _____** |
| **VS.** | § § | |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND ADAM HUDSON** | § § § | **JURY DEMANDED** |

# NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("United Property"), a Defendant herein, removes to this Court the state court action pending in the 133rd Judicial District Court of Harris County, Texas invoking this Court's diversity jurisdiction, on the grounds explained below.

### BASIS FOR REMOVAL

1. On July 10, 2019, Plaintiffs, Qinggang Ma and Sulan Qi ( "Plaintiffs"), filed suit in Harris County against the Defendants. The suit was assigned to the 133rd Judicial District Court of Harris County, Texas, styled Cause No. 2019-50265; *Qinggang Ma and Sulan Qi v. United Property & Casualty Insurance Company and Adam Hudson* (the "State Court Action"). *See* Plaintiffs' Original Petition, incorporated herein under **Exhibit B**. Defendant United Property was served/received notice of this lawsuit on July 24, 2019. Defendant Adam Hudson ("Hudson") was served/received notice of this lawsuit on July 24, 2019. As required by 28 U.S.C. § 1446(b), this

4817-7617-2193.1

Notice of Removal is timely filed by United Property within thirty (30) days following receipt by Defendant of the initial pleadings.

2. Removal of this action is proper because this Court has original diversity jurisdiction under 28 U.S.C. § 1332 and the action is one that may be removed by United Property pursuant to 28 U.S.C. § 1441(b); specifically, this is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and the parties are diverse.

3. There is complete diversity among the parties as required by 28 U.S.C. § 1332(a). Plaintiffs are citizens of Texas. United Property is not a citizen of Texas. United Property is a foreign organization incorporated pursuant to the laws of the State of Florida and has its principle place of business in Florida. Defendant Hudson *is* a citizen of the State of Texas, but his citizenship should be disregarded for the purposes of affirming diversity jurisdiction because Plaintiffs joined Hudson as a sham, solely to defeat diversity jurisdiction. Additionally, Defendant United Property filed its Election of Legal Representation under § 542A.006 of the Texas Insurance Code on August 20, 2019.  Pursuant to §542A.006(c), no cause of action exists against and he Hudson must be dismissed with prejudice.

4. The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332 (a). Plaintiffs' Original Petition recites that they are seeking actual damages, statutory damages including 18% interest, mental anguish damages, treble damages, exemplary damages and attorney's fees for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, violations of the Deceptive Trade Practices Act ("DTPA"), fraud, negligence and gross negligence relating to the Defendants' alleged failure to properly adjust the claim for Plaintiffs' alleged property damage.  Further, Plaintiffs' Petition states Plaintiffs are seeking no less than $100,000.00 but no more than $200,000.00 for their damages.  Thus, Plaintiffs'

4817-7617-2193.1

Petition shows on its face that Plaintiffs' claims are in excess of $75,000.00.  *See* Plaintiffs' Original Petition incorporated herein under **Exhibit B**.

### EXHIBIT INDEX

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed |
| **Exhibit B** | All Executed Process in this Case |
| **Exhibit C** | List of all Counsel of Record |
| **Exhibit D** | Civil Cover Sheet |

### ADAM HUDSON HAS BEEN FRAUDULENTLY JOINED AS A SHAM DEFENDANT

5. Pursuant to 28 U.S.C. § 1441(b), an action shall be "removable…if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." A defendant named in the state court action may be disregarded when the party was joined fraudulently to defeat diversity jurisdiction. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995); *Griggs v. State Farm Lloyds*, 181 F.3d 694 (1999).  In any case involving an improperly or fraudulently joined party, written consent for removal of the improperly or fraudulently joined party is not required. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); 28 U.S.C. § 1446(b)(2)(A). A removing party alleging jurisdiction on the basis of fraudulent joinder must prove the existence of fraud. *Jernigan* 989 F.2d at 815. To prove fraud, United Property "must show either that (1) there is no possibility that Plaintiffs will be able to establish a cause of action against Hudson in state court; or that (2) there has been outright fraud in Plaintiffs' pleadings of jurisdictional facts." *Id*. In determining whether a party was fraudulently joined, courts must "resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in the non-movant's favor." *Griggs*, 181 F.3d at 699. The proceeding is "similar to that used on a motion for summary judgment under Rule 56(b)." *Id*. The petition filed in

state court controls the inquiry, thus any post-removal filing may not be considered when or to the extent such filing presents new causes of action or theories. *See Cavallini,* 44 F.3d at 264.

6. Further, "fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgement-type evidence such as affidavits and deposition testimony." *Cavallini* 44 F.3d at 263. *See also Sohmer v. American Medical Security, Inc.*, No. 3:02-CV-1680, 2002 WL 31323763, *2 (N.D. Tex. Oct. 15, 2002) ("court may pierce the pleadings and look at additional evidence regarding the alleged state law claim only to causes of action asserted in the petition at the time of removal"). "A court should not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts to support his claims against the non-diverse defendant." *Walden v. American General Life*, 244 F.Supp.2d 689, 692 (S.D. Miss. 2003). While the burden of establishing fraudulent joinder is heavy, the Fifth Circuit has never held that a "particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist." *Griggs*, 181 F.3d at 701.

7. United Property does not claim fraud in the recitation of jurisdictional facts, as it does not dispute that Hudson and Plaintiffs are Texas residents. Therefore, United Property must meet the second prong and establish that, as a matter of law, Plaintiffs have not alleged a valid state-law cause of action against Hudson. *Id*. at 699. The Fifth Circuit has clarified that the "federal pleading sufficiency standard applies to analyzing improper joinder." *Lopez v. Allstate Vehicle and Property Insurance Company*, No. 4:17-CV-00103, 2017 WL 1233831, at * 3 (E.D. Tex. Apr. 4, 2017). Therefore, "if a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no proper joinder" *Id*. at *2 (quoting *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1]

8. In *Waters*, for example, the plaintiff claimed that the insurance agent made material misrepresentations. *Waters*, 158 F.R.D. at 109. In holding that the claim was conclusory and failed to state a cause of action, the court reasoned that the "pleadings failed to specify time, place, or content of any alleged misrepresentations." *Id*. Moreover, in *Lopez*, the Fifth Circuit determined that the plaintiffs failed to state a claim under the DTPA and Chapter 541 of the Texas Insurance Code because plaintiffs asserted only boilerplate allegations that the adjuster "made misrepresentations and omissions regarding the amount of damage and cost of repair, and conducted an outcome-oriented investigation," without alleging any additional facts. *Lopez*, 2017 WL 1233831, at * 3. Because the plaintiffs failed to include any specific, factual allegations in their complaint that would state a plausible claim under state law, the court denied plaintiffs' motion for remand and dismissed plaintiffs' claims against the fraudulently joined defendant. *Id*. at *4.

9. Here, Plaintiffs claim that Hudson violated the Texas Insurance Code and DTPA, and Plaintiffs also asserted causes of action against Hudson for fraud, negligence and gross negligence. *See* Plaintiffs' Original Petition, at ¶¶ 48-71. However, Plaintiffs' Petition fails to include any specific factual allegations to support these causes of action. Rather, Plaintiffs make conclusory statements that Hudson "undervalued the claim" and "conducted a substandard and improper inspection" and merely recite elements to the causes of action against him. *See* Plaintiffs' Original Petition. Such allegations are all stated in conclusory terms.

---

[1] See also *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 108 (S.D. Tex. 1994) (citing *Jewel v. City of Covington*, 425 F.2d 459, 460 (5th Cir. 1970). *See also*, *Sohmer*, 2002 WL 31323763 at *3 (holding that the plaintiff's petition, which plead nothing more than that an agent made a general statement about the policy's coverage, was wholly devoid of any allegations supporting a cause of action for misrepresentation upon which the plaintiffs could recover.); *Walden*, 244 F.Supp.2d at 692 ("removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant").

10. In Texas, an insured's mistaken belief as to the scope of his coverage is not actionable under the DTPA or Texas Insurance Code. *Wyly v. Integrity Insurance Solutions*, 502 S.W.3d 901, 908 (Tex. App.—Houston [14th Dist.] 2016). "Representations that 'everything's covered' or 'fully covered' cannot constitute an actionable misrepresentation." *Zatorski v. USAA Texas Lloyd's Company*, No. 01-13-01002-CV, 2015 WL 456474, at *4 (Tex. App.—Houston [1st Dist.] Feb. 3, 2015) (citing *Manion v. Sec. Nat'l Ins. Co.*, No. 13-01-00248-CV, 2002 WL 34230861, at *2 (Tex. App.—Corpus Christi Aug. 15, 2002) (holding that insurance representative's statement that homeowner was getting 'full coverage' was not an affirmative representation that the policy contained specific coverage). Further, in *Smith v. Nationwide Ins. Co.*, the court denied plaintiff's motion for remand because allegations that the improperly joined insurance agent made representations to the insured that the policy would have "full coverage" were insufficient as a matter of law. *Smith v. Nationwide Ins. Co.*, No. 1:08CV683, 2009 WL 736199 (S.D. Miss. Mar. 18, 2009). The court stated, "The risks the policy covers are defined by the terms of the policy itself, not by inferences made by the insured or general representations concerning the scope of coverage made by the agent." *Id*. at *2.

11. It follows that conclusory claims of material misrepresentations without facts to support them are not actionable under the DTPA or the Texas Insurance Code. *See Waters,* 158 F.R.D. at 109 (S.D. Tex. 1994); *Sohmer,* 2002 WL 31323763, at *3 ("The Sohmers' bare allegations also lack sufficient particularity for the Court to conclude that the Sohmers contend that Southwest actually enticed or guided Andrew, or that Andrew relied on any specific factual representation"). Rather, an affirmative misrepresentation is necessary for a violation to exist. *Sledge v. Mullin*, 927 S.W.2d 89, 94 (Tex. App.–Fort Worth 1996) ("In the absence of some affirmative misrepresentation, a mistaken belief about the scope of coverage is not actionable"). Plaintiffs make no such allegation

4817-7617-2193.1

in their Petition. Instead, they simply make the same assertion in various ways. As such, Plaintiffs have no viable cause of action against Hudson for violations of the DTPA and Texas Insurance Code, fraud, negligence or gross negligence and cannot show any arguable basis of liability here for Hudson. Therefore, removal is proper.

### ALTERNATIVELY, UNITED PROPERTY'S 542A ELECTION ABROGATES ALL POTENTIAL RECOVERY AGAINST HUDSON

12. Even if it is determined that Plaintiffs' Petition does state a valid state-law cause of action against Hudson, his citizenship should not be considered when analyzing this matter for complete diversity because United Property elected to accept all liability on behalf of Hudson pursuant to Texas Insurance Code § 542A.006. *See generally Flores v. Allstate Vehicle & Prop. Ins. Co.*, 2018 WL 5695553 (W.D. Tex. Oct. 31, 2018); *Horton v. Allstate Vehicle and Property Insurance Company*, No. 5:19-cv-00140-FB-RBF, 2019 WL 155494 (W.D. Tex. April 9, 2019). In *Flores* and *Horton*, the court held that post-suit acceptance of agent liability pursuant to Texas Insurance Code 542A.006 guarantees that the plaintiff may not recover against the agent and thus the concerns of the voluntary/involuntary rule are not raised. *Flores*, 2018 WL 5695553 at *6-7; *Horton*, 2019 WL 155494 at *1, FN 1 ("Because Allstate has elected to assume responsibility for [agent], the Court need not consider his citizenship.") (internal citations omitted). Thus, the continued inclusion of an adjuster in a lawsuit where an insurer has accepted liability of that adjuster pursuant to Texas Insurance Code 542A.006 is "tantamount to a finding of improper joinder." *Flores*, 2018 WL 5695553 at *8. The court in *Flores* then concluded that because the inclusion of an agent whose liability had been accepted by an insurer was "tantamount to a finding of improper joinder," such an agent's citizenship should not be condiered when determining whether there was complete diversity amongst the parties for the purposes of 28 U.S.C. § 1332(a). *Id*. Because United Property has accepted any and all liability of Hudson in regards to the claim that is the subject of this litigation,

Hudson's citizenship should be disregarded in analyzing whether complete diversity amongst the parties exists in this matter.

## THE REMOVAL IS PROCEDURALLY CORRECT

13. All parties who have been properly joined or served with Summons consent to the removal of this case to Federal Court.

14. Venue is proper in this District because the district and division embrace the place where the removal action has been pending.

15. United Property will promptly provide written notice of the filing of this Notice of Removal to all parties and to the clerk of the 133rd Judicial District Court of Harris County, Texas.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
    Sarah R. Smith
    Attorney-In-Charge
    Texas State Bar No. 24056346
    USDC-SD Texas No. 1196616
    24 Greenway Plaza, Suite 1400
    Houston, Texas 77046
    Telephone: 713.659.6767
    Facsimile: 713.759.6830
    sarah.smith@lewisbrisbois.com
    gene.baldonado@lewisbrisbois.com

    ATTORNEYS FOR DEFENDANT
    UNITED PROPERTY & CASUALTY
    INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on August 23, 2019, via e-filing addressed to:

Chad T.Wilson
Tara Peveto
Chad T. Wilson Law Firm, PLLC
455 East Medical Center Blvd.
Suite 555
Webster, Texas 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com
*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Sarah R. Smith*
　　　　　　　　　　　　　　　　　　　　　　　Sarah R. Smith

4817-7617-2193.1