# EXHIBIT B

7/23/2019 4:18 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35365094
By: Wanda Chambers
Filed: 7/23/2019 4:18 PM

# 2019-50265 / Court: 133

CAUSE NO. _____

| | | |
|---|---|---|
| QINGGANG MA and SULAN Qi, | § | IN THE JUDICIAL COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | _____ DISTRICT COURT |
| | § | |
| UNITED PROPERTY & CASULATY | § | |
| INSURANCE COMPANY and | § | |
| ADAM HUDSON, | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

---

**PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND,
AND REQUEST FOR DISCLOSURE**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Qinggang Ma and Sulan Qi, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of United Property & Casualty Insurance Company ("UPC") and Adam Hudson ("Hudson") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully shows the following:

**DISCOVERY CONTROL PLAN**

1. Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

**PARTIES**

2. Plaintiffs, Qinggang Ma and Sulan Qi, reside in Harris County, Texas.

3. Defendant, United Property & Casualty Insurance Company, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon United Property & Casualty Insurance Company through its registered agent for service, **CT Corporation System 1999 Bryan Street, Ste 900, Dallas,**

**Texas, 75201**.  Plaintiffs request service at this time.

4.     Defendant, Adam Hudson, is an insurance agent, who engages in the business of selling property and casualty insurance in the State of Texas, and who operates under the course and working scope of employment with United Property & Casualty Insurance Company. Plaintiffs request service of citation upon Adam Hudson at the address listed with the Texas Department of Insurance: **13406 Preston Cliff Court Houston, Texas 77077.**   Plaintiffs request service at this time.

### JURISDICTION

5.     The Court has jurisdiction over United Property & Casualty Insurance Company because UPC engages in the business of insurance in the State of Texas, and the causes of action arise out of UPC's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6.     The Court has jurisdiction over Hudson because Hudson engages in the business of selling property and casualty insurance policies in the State of Texas, and the causes of action arise out of Hudson's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

### VENUE

7.     Venue is proper in Harris County, Texas, because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.   Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.   Plaintiffs own a United Property & Casualty Insurance Company homeowner's insurance policy, number 43100096828710 ("the Policy"), which was issued by UPC. At all relevant times, Plaintiffs owned the insured premises located at 9306 Stoney Lake Drive Houston, Texas 77064 ("the Property").

10.  UPC, through its agent, sold the Policy, insuring the Property, to Plaintiffs.  UPC represented to Plaintiffs that the Policy included hail and windstorm coverage for damage to Plaintiffs' home.

11.  On or about 08/18/2018, the Property sustained extensive damage resulting from a severe storm that passed through the Houston, Texas, area.

12.  In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to UPC against the Policy for damage to the Property.  UPC assigned claim number 2018TX126161 to Plaintiffs' claim.

13.  Plaintiffs asked UPC to cover the cost of damage to the Property pursuant to the Policy.

14.  UPC hired or assigned its agent, Hudson, to inspect and adjust the claim.  UPC's agent conducted an inspection on or about December 10, 2018.  UPC's agent's inspection generated an estimate of damages that purported covered damages under Plaintiffs' deductible.  This final estimate left Plaintiffs without adequate recovery to complete proper repairs on Plaintiffs' home.

3

15.     UPC, through Hudson, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to deny coverage.

16.     UPC has ultimately refused any additional coverage which includes, but is not limited to, replacement of the roof and interior walls in a manner that complies with Harris County building codes.  The damage to Plaintiffs' Property is currently estimated at $19,932.82.

17.     As stated above, Defendant improperly adjusted Plaintiffs' claim.  Without limitation, Defendant misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

18.     UPC made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  UPC made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by UPC's agent.

19.     Plaintiffs relied on Defendants' misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property.   Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property.

20. Upon receipt of the inspection report from its agent, UPC failed to assess the claim thoroughly. Based upon UPC's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to denying coverage, UPC failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

21. Because UPC failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

22. UPC failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, UPC refused to pay any additional proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

23. UPC's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between UPC and Plaintiffs.

24. UPC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). UPC has failed to settle Plaintiffs' claim in a fair manner, although UPC was aware of their liability to Plaintiffs under the Policy. Specifically, UPC has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

5

25.    UPC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(2)(A).   UPC failed to provide Plaintiffs a reasonable explanation for denial of the claim.

26.    Additionally, after UPC received statutory demand on 04/18/2019, UPC has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

27.    UPC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(4).   UPC refused to provide coverage to Plaintiffs under the Policy due to Defendants' failure to conduct a reasonable investigation.

28.    Specifically, UPC, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' loss on the Property.

29.    UPC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.  UPC failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time after receiving all necessary information.

30.    UPC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.  UPC failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, UPC has delayed full payment of Plaintiffs' claim longer than allowed, and Plaintiffs has not received payment.

31.     Defendants' wrongful acts and omissions forced Plaintiffs to retain the professional
services of the attorneys and law firm representing Plaintiffs with respect to these causes
of action.

## CAUSES OF ACTION AGAINST DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY

### BREACH OF CONTRACT

32.     UPC is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and
intentional breach of the common-law duty of good faith and fair dealing.  It follows, then,
that the breach of the statutory duties constitutes the foundation of an intentional breach of
the insurance contract between UPC and Plaintiffs.

33.     UPC's failure and/or refusal to pay adequate coverage as obligated under the Policy, and
under the laws of the State of Texas, constitutes a breach of UPC's insurance contract with
Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34.     UPC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair
Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are
actionable by TEX. INS. CODE §541.151.

35.     UPC's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to
coverage constitutes an unfair method of competition and a deceptive act or practice in the
business of insurance.  TEX. INS. CODE §541.060(a)(1).

36.   UPC's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though UPC's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

37.   UPC's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

38.   UPC's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

39.   UPC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

40.   UPC's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

8

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

41.    UPC's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

42.    UPC's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though UPC knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

43.    UPC's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs is a consumer of goods and services provided by UPC pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bringing this cause of action against UPC.  Specifically, UPC's violations of the DTPA include, without limitation, the following matters:

A.    By its acts, omissions, failures, and conduct, UPC has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  UPC's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.    UPC represented to Plaintiffs that the Policy and UPC's adjusting, and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.   UPC represented to Plaintiffs that UPC's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   UPC advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   UPC breached an express warranty that the damages caused by wind and hail would be covered under the Policy.   This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   UPC's actions are unconscionable in that UPC took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.   UPC's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.   UPC's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

44.   Each of the above-described acts, omissions, and failures of UPC is a producing cause of Plaintiffs' damages.   All of UPC's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

45.  UPC is liable to Plaintiffs for common-law fraud.

46.  Every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as she did, and UPC knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

47.  UPC made these statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon these statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

## <u>CAUSES OF ACTION AGAINST ADAM HUDSON</u>

48.  All allegations above are incorporated herein.

49.  Hudson's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

50.  Hudson is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of UPC, because Hudson is a "person," as defined by TEX. INS. CODE §541.002(2).

51.  Hudson knowingly underestimated the amount of damage to the Property. As such, Hudson failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

52.  Furthermore, Hudson did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

53.  Hudson's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable

explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

54. Hudson's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

55. All allegations above are incorporated herein.

56. Hudson's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are a consumer of goods and services provided by Hudson pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Hudson. Specifically, Hudson's violations of the DTPA include the following matters:

A. By this Defendant's acts, omissions, failures, and conduct, Hudson has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Hudson's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

57. Hudson represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

58. Hudson represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

59. Hudson's actions are unconscionable in that Davidson took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Hudson's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and Hudson's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

60. Each of Hudson's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Hudson, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

**FRAUD**

61. All allegations above are incorporated herein.

62. UPC assigned or hired Hudson to adjust the claim.

A. Hudson had a vested interest in undervaluing the claims assigned to him by UPC in order to maintain his employment. The disparity in valuation of damages is evidence of fraud.

B. Hudson made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' property.

## NEGLIGENCE

63.   All allegations above are incorporated herein.

64.   Hudson was negligent in his actions with regard to his adjusting of Plaintiffs' claim and
      violated the standard of care for an insurance adjuster licensed in the state of Texas. Those
      failures include one or more of the following acts or omissions:

      A.    Failure to conduct a reasonable inspection;

      B.    Failure to include covered damage that would be discovered as a result of

      C.    reasonable inspection;

      D.    Failure to identify the proper cause and scope of the damage to Plaintiffs' Property;

      E.    Failure to identify the cost of proper repairs to Plaintiffs' Property; and

      F.    Failure to communicate to Plaintiffs the reasons for specific determinations made
            regarding the inclusion or exclusion of damage to Plaintiffs' Property.

65.   Hudson's acts and/or omissions constitute negligence.  His conduct was therefore a
      proximate cause of the damages sustained by Plaintiff.

66.   At all relevant times, Hudson was an agent or employee of Defendant UPC.

67.   Hudson's unreasonable inspection was performed within the course and scope of his

68.   duties with Defendant UPC.  Therefore, UPC is also liable for the negligence of Hudson
      through the doctrine of respondeat superior.

14

**GROSS NEGLIGENCE**

69.    All allegations above are incorporated herein.

70.    Hudson's actions or omissions constitute gross negligence as defined in TEX. CIV. P.

&amp; REM. CODE § 41.001 (11)(A) and (B):

    A.    Hudson's actions, when viewed objectively from the standpoint of the actor at the

        time of their occurrence involves an extreme degree of risk, considering the

        probability and magnitude of potential harm to Plaintiff; and

    B.    Hudson had actual, subjective awareness of the risk involved but nevertheless

        proceeded with conscious indifference to the rights, safety, and/or welfare of

        Plaintiffs.

71.    Hudson intentionally misrepresented the scope and amount of damages on the estimate

prepared for Plaintiffs' Property on behalf of UPC.  His estimate was to such an extreme

degree below what another licensed adjuster would have done in this situation (as

evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for

the risk and harm Plaintiffs would suffer if the actual damages to the Property were allowed

to persist unrepaired.

**KNOWLEDGE**

72.    Defendants made each of the acts described above, together and singularly, "knowingly,"

as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs'

damages described herein.

**WAIVER AND ESTOPPEL**

73. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

**DAMAGES**

74. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

75. Plaintiffs currently estimate that actual damages to the Property under the Policy are $19,932.82.

76. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

77. For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of the claim, consequential damages, together with attorney's fees.

78. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times Plaintiffs' actual

16

damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

79.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are

entitled to the amount of the claim, plus an eighteen percent (18%) per annum penalty on

that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.

TEX. INS. CODE §542.060.

80.    For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to

compensatory damages, including all forms of loss resulting from Defendants' breach of

duty, such as additional costs, economic hardship, losses due to the nonpayment of the

amount UPC owed, exemplary damages, and damages for emotional distress.

81.    Defendants' breach of the common-law duty of good faith and fair dealing was committed

intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies

Code.  These violations are the type of conduct which the State of Texas protects its citizens

against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery

of exemplary damages in an amount determined by the finder of fact sufficient to punish

Defendants for their wrongful conduct, and to set an example to deter Defendants and

others from committing similar acts in the future.

82.    For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly

fraudulent and malicious representations, along with attorney's fees, interest, and court

costs.

17

83.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

84.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.  A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

85.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

86.    Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

**PRAYER**

Plaintiffs pray that Defendants, United Property & Casualty Insurance Company and Adam Hudson, be cited and served to appear, and that upon trial hereof, Plaintiffs, Qinggang Ma and Sulan Qi, recover from Defendants, United Property & Casualty Insurance Company and Adam Hudson, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs, Qinggang Ma and Sulan Qi, may show Plaintiffs are justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Tara Peveto
Bar No. 24076621
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

7/23/2019 4:18:19 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 35365094
By: CHAMBERS, WANDA R
Filed: 7/23/2019 4:18:19 PM

2019-50265 / Court: 133

# CHAD T. WILSON
LAW FIRM, PLLC

July 23, 2019

Mr. Marilyn Burgess
Harris County District Clerk
P.O. Box 4651
Houston, Texas 77210-4651

   RE: Cause No.*: _____; Qinggang Ma & Sulan Qi  v. United Property & Casualty Insurance Company and Adam Hudson*, In the _____District Court, Harris County, Texas.

Dear Ms. Marilyn Burgess:

  Please prepare two (2) civil process citations for the following Defendants below.   We will be using a private process server _ (LDM) Legal Document Management / Sean Hollenbeck.  We will provide File-Stamped copies of the petition to the process server (LDM) Legal Document Management / Sean Hollenbeck to attach to the citations.

  Please send the citation via email to: AMendoza@CWilsonLaw.com.

    1. United Property & Casualty Insurance Company
      CT Corporation System
      1999 Bryan Street
      Suite 900
      Dallas, Texas 75201
      Legal Department

    2. Adam Hudson
      13406 Preston Cliff
      Houston, Texas 77077

  We understand that there is a fee for the preparation of the citations and have added the fee during the E-Filing of the Petition.  If any additional information is needed, feel free to contact this office.  Thank you for your cooperation and assistance.

www.cwilsonlaw.com

Houston:
455 East Medical Center Boulevard, Suite 555
Webster, Texas 77598
Office  832-415-1432     Fax   281-940-2137

Denver:
1001 Bannock Street, Suite 239
Denver, Colorado 80204
Office  303-695-3999

# CHAD T. WILSON
LAW FIRM, PLLC

Respectfully submitted,

Chad T Wilson Law Firm PLLC
By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Tara Peveto
Bar No. 24076621
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS
QINGGANG MA & SULAN QI

www.cwilsonlaw.com

Houston:
455 East Medical Center Boulevard, Suite 555
Webster, Texas 77598
Office: 832-415-1432   Fax: 281-940-2137

Denver:
1001 Bannock Street, Suite 239
Denver, Colorado 80204
Office: 303-495-3999

7/30/2019 1:11 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35541318
By: EVELYN PALMER
Filed: 7/30/2019 1:11 PM

Receipt Number: 844263
Tracking Number: 73649236

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 201950265

| | |
|---|---|
| PLAINTIFF: MA, QINGGANG | In the 133rd Judicial |
| vs. | District Court of |
| DEFENDANT: UNITED PROPERTY & CASUALTY INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: UNITED PROPERTY & CASUALTY INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT CT

CORPORATION SYSTEM

1999 BRYAN STREET STE 900

HOUSTON TX 75201

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE.

This instrument was filed on July 23, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this July 24, 2019.



Marilyn Burgess
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: LEWIS JOHN-MILLER

Issued at request of:
Peveto, Tara L
455 EAST MEDICAL CENTER BLVD STE 555
WEBSTER, TX  77598-7759
832-415-1432

Bar Number: 24076621

Tracking Number: 73649236

CAUSE NUMBER: 201950265

PLAINTIFF: MA, QINGGANG                          In the 133rd

    vs.                                          Judicial District Court

DEFENDANT:   UNITED   PROPERTY   &   CASUALTY      of Harris County, Texas
INSURANCE COMPANY

### OFFICER/AUTHORIZED PERSON RETURN

Came   to   hand   at   **9:00**   o'clock   **A**   M.,   on   the   **26th**   day   of
**July**   , 20 **19**
Executed   at   (address)   **1999 Bryan St #900, Dallas, TX 75201**
in   **Dallas**   County
at   **11:52**   o'clock   **A**.   M.,   on   the   **26th**   day   of
**July**   , 20 **19**
by delivering to **United Property + Casualty Insurance Company HSReg**   defendant, **Terri**
in person, a true copy of this                         **Agent Ct Corporation System through Terri**
Citation   together   with   the   accompanying         copy(ies)   of   the **Thompson of,**
**Plaintiff's Original**                     Petition **Jury Demand + Request for Disclosure Intake**
attached thereto and I endorsed on said copy of the Citation the date of delivery. **Specialist**
To   certify   which   I   affix   my   hand   officially   this   **26th**   day   of
**July**   , 20 **19**   .

FEE:   $ **75**

                                  *Heather Bork*
                               **Dallas**   of

County, Texas
*Heather Bork*  **PSC# 8133**         By: _____
Affiant   **EXP 2/28/20**                   Deputy

On this day, **Heather Bork**                    , known to me to be
the person whose signature
appears on the foregoing return, personally appeared.   After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN   TO   AND   SUBSCRIBED   BEFORE   ME   on   this   **29th**   of
**July**                   , 20 **19**

                                  Notary Public

             **DAISY GARCIA**
         Notary Public, State of Texas
         Comm. Expires 10-03-2022
         Notary ID 131747948

7/30/2019 1:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35543054
By: I Mason
Filed: 7/30/2019 1:43 PM

Receipt Number: 844263
Tracking Number: 73649232

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 201950265

PLAINTIFF: MA, QINGGANG                           In the 133rd Judicial

vs.                                               District Court of

DEFENDANT: UNITED PROPERTY & CASUALTY INSURANCE   Harris County, Texas
COMPANY

CITATION

THE STATE OF TEXAS
County of Harris

TO: HUDSON, ADAM
13406 PRESTON CLIFF COURT
HOUSTON TX 77077

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE.

This instrument was filed on July 23, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this July 24, 2019.



Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: LEWIS JOHN-MILLER

Issued at request of:
Peveto, Tara L
455 EAST MEDICAL CENTER BLVD STE 555
WEBSTER, TX  77598-7759
832-415-1432

Bar Number: 24076621

Tracking Number: 73649232

CAUSE NUMBER: 201950265

| | |
|---|---|
| PLAINTIFF: MA, QINGGANG | In the 133rd |
| vs. | Judicial District Court |
| DEFENDANT: UNITED PROPERTY & CASUALTY INSURANCE COMPANY | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 12:00 o'clock P. M., on the 25th day of
JUN , 20 19 .
Executed at (address) 13406 Preston Cliff Ct, Houston, TX 77077
in Harris County
at 2:55 o'clock P . M. on the 26 day of
July , 20 19 ,
by delivering to Adam Hudson defendant,
in person, a true copy of this
Citation together with the accompanying 1 copy(ies) of the
PLAINTIFF ORIGINAL Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this 26 day of
July , 20 19

FEE: $ 75        Barzan Kholid
                            of    Harris
County, Texas
14653 5/31/20       By: _____
Affiant                        Deputy

On this day, Barzan Kholid , known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this 26 of
July , 20 19

Pamela R Hall
Notary Public

PAMELA RENEE HALL
Notary Public, State of Texas
Comm. Expires 08-16-2021
Notary ID 125359841

8/20/2019 11:55 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36110807
By: EVELYN PALMER
Filed: 8/20/2019 11:55 AM

## CAUSE NO:  2019-50265

| | | |
|---|---|---|
| **QINGGANG MA AND SULAN QI** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **ADAM HUDSON** | § | **133RD JUDICIAL DISTRICT** |

## DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ELECTION  OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE

TO THE  HONORABLE JUDGE OF SAID  COURT:

COMES  NOW, United Property & Casualty Insurance Company ("UPC") and files its Election  of  Legal  Responsibility  Under  Section  542A.006  of  the  Texas  Insurance  Code ("Election") as follows:

## I.

## RELEVANT BACKGROUND

1.1     Plaintiffs, Ginggang Ma and Sulan Qi ("Plaintiffs") filed a claim 2018TX126161 with United Property & Casualty Insurance Company, and Claim number 2018TX126161 was adjusted by  one  or  more  individuals  at  United   Property  &  Casualty  Insurance  Company's request, including Defendant Adam Hudson ("Adjuster").   For  purposes of this election, the Adjuster is considered United Property & Casualty Insurance Company's "agents" under Texas Insurance Code  section  542.A.001,  which  defines  the  term  "agent"  as  an  employee,  agent, representative,  or  adjuster  who  performs  any  act  of  United  Property  &  Casualty  Insurance Company's behalf.

## II.
## ELECTION

2.1    Under section 542A.006(a) of the Texas Insurance Code, United Property & Casualty Insurance Company hereby elects to accept legal responsibility for whatever liability Adjuster might have to Plaintiffs for his acts or omissions related to claim number 2018TX126161, and by this pleading Plaintiffs are provided written notice of United Property & Casualty Insurance Company's Election.

## III.
## DISMISSAL OF DEFENDANTS WITH PREJUDICE

3.1    Under section 542A.006(c) of the Texas Insurance Code and based on United Property & Casualty Insurance Company's Election, this Court "shall dismiss" this action against with prejudice.  United Property & Casualty Insurance Company hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice and are filing a proposed order simultaneously herewith.

FOR THESE REASONS, United Property & Casualty Insurance Company prays that this Election be filed with the records of this cause and that Defendant Adam Hudson be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems United Property & Casualty Insurance Company entitled.

*[Signature on next page]*

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Sarah R. Smith
Texas Bar No:  24056346
Chloe A. Sease
Texas State Bar No. 24113093
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:     (713) 759-6830
sarah.smith@lewisbrisbois.com

**Attorneys for Defendant, United Property & Casualty Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served on all counsel of record by electronic filing, certified mail, and/or facsimile on this 20th day of August, 2019.

Chad T. Wilson                                    *Via Eserve*
Tara Peveto
Chad T. Wilson Law Firm, PLLC
455 East Medical Center Blvd.
Suite 555
Webster, Texas 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com
*Attorneys for Plaintiff*

Sarah R. Smith

4823-2254-2497.1

8/20/2019 11:55:25 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 36110807
By: PALMER, EVELYN J
Filed: 8/20/2019 11:55:25 AM

CAUSE NO:  2019-50265

| | | |
|---|---|---|
| **QINGGANG MA AND SULAN QI** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **ADAM HUDSON** | § | **133RD JUDICIAL DISTRICT** |

## ORDER OF DISMISSAL OF DEFENDANT, ADAM HUDSON

On this day came before the Court the Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code (the "Election") filed by Defendant United Property & Casualty Insurance Company.  United Property & Casualty Insurance Company has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code.

It is therefore **ORDERED, ADJUSTED AND DECREED** that all claims and causes of action brought against Defendant Adam Hudson in the above referenced cause are hereby **DISMISSED** with prejudice to refiling of the same.  Any and all relief sought against Defendant Adam Hudson and not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and any related claim or cause of action brought against Defendant Adam Hudson shall be borne by the party incurring same.

SIGNED this_____ day of _____, 2019.

_____
JUDGE PRESIDING

4825-4280-8993.1

8/20/2019 11:42 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36109573
By: EVELYN PALMER
Filed: 8/20/2019 11:42 AM

CAUSE NO:  2019-50265

| | | |
|---|---|---|
| QINGGANG MA AND SULAN QI | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY AND | § | |
| ADAM HUDSON | § | 133RD JUDICIAL DISTRICT |

## DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, United Property & Casualty Insurance Company ("United Property,") in the above-entitled and numbered cause and files this, its Answer to Plaintiffs' Original Petition and would respectfully show unto the Court the following:

**I.**

United Property & Casualty Insurance Company asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiffs be required to prove his charges and allegations against United Property & Casualty Insurance Company by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

**II.**

## DEFENSES

1.     United Property & Casualty Insurance Company denies that the required conditions precedent were performed and/or occurred.

2.     The damages allegedly sustained by Plaintiffs may have been the result of actions or omissions of individuals over whom United Property had no control, including but not limited to Plaintiffs, therefore, United Property is not liable to Plaintiffs.

4830-0691-1393.1

3.      United Property issued a policy of insurance bearing Policy No. 43100096828701

to Qinggang Ma, regarding the property located at 9306 Stoney Lake Dr., Houston, Texas 77064.

United Property adopts the policy terms, conditions and exclusions as if copied *in extenso*.

4.      Plaintiffs' claims are barred, in whole or in part, because the damages claimed by

Plaintiffs are subject to the following policy provisions and exclusions:

**SECTION I – PERILS INSURED AGAINST**

**A. Coverage A – Dwelling And Coverage B – Other Structures**
1.   We insure against direct physical loss to property described in Coverages **A** and **B.**
2.   We do not insure, however, for loss:
     **a.** Excluded under Section **I** – Exclusions;
     **c.** Caused by:
       (**6**) Any of the following:
          (**a**) Wear and tear, marring, deterioration;

                     ***

**SECTION I – EXCLUSIONS**
**B.** We do not insure for loss to property described in
  Coverages **A** and **B** caused by any of the following.
  However, any ensuing loss to property described in
  Coverages **A** and **B** not precluded by any other provision
  in this policy is covered.

  **3.** Faulty, inadequate or defective:
     a.  Planning, zoning, development, surveying, siting;
     b.  Design, specifications, workmanship, repair, construction, renovation, remodeling,
         grading, compaction;
     c.  Materials used in repair, construction, renovation or remodeling; or
     d.  Maintenance;
     of part or all of any property whether on or off the "residence premises".

                     ***

5.      United Property is entitled to any credits or set-offs for prior payments by United

Property or other third parties.

6.      To the extent that some or all of Plaintiffs' claims may have been fully adjusted

and payment tendered, Plaintiffs are only entitled to one satisfaction or recovery for their alleged

damages.

7.      Plaintiffs' extra-contractual claims alleging bad faith fail because a *bona fide* controversy existed and continues to exist concerning Plaintiffs' entitlement, if any, to insurance benefits.

8.      To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

9.      Plaintiffs have failed to cooperate pursuant to the Policy's terms and conditions.

10.     Plaintiffs' extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiffs' underlying insurance claim is necessary to establish any basis for Plaintiffs' extra-contractual, Insurance Code claims.  Because Plaintiffs' allegations are generally based on Defendant's alleged failure to investigate the clam and pay policy benefits, the existence of any applicable exclusions precludes Plaintiff's extra-contractual, Insurance Code claims.

11.     No act or omission of Defendant was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

12.     Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

### III.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Plaintiffs are requested to disclose the information or material described in Rule 194.

IV.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Defendant, United Property & Casualty Insurance Company, respectfully prays that Plaintiffs take nothing by their suit, that Defendant recovers costs, and for such other and further relief, both at law and in equity, to which United Property & Casualty Insurance Company may be justly entitled.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*

Sarah R. Smith
Texas State Bar No. 24056346
Chloe A. Sease
Texas State Bar No. 24113093
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT,
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

4830-0691-1393.1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above pleading has been forwarded pursuant to the Texas Rules of Civil Procedure on this 20th day of August, 2019.

Chad T. Wilson                                     *Via Eserve*
Tara Peveto
Chad T. Wilson Law Firm, PLLC
455 East Medical Center Blvd.
Suite 555
Webster, Texas 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com
*Attorneys for Plaintiff*


                                          /s/ Sarah R. Smith
                                          Sarah R. Smith

4830-0691-1393.1

**HCDistrictclerk.com**   MA, QINGGANG vs. UNITED PROPERTY & CASUALTY          8/23/2019
INSURANCE COMPANY
Cause: 201950265          CDI: 7       Court: 133

**APPEALS**
No Appeals found.

**COST STATMENTS**
No Cost Statments found.

**TRANSFERS**
No Transfers found.

**POST TRIAL WRITS**
No Post Trial Writs found.

**ABSTRACTS**
No Abstracts found.

**SETTINGS**
No Settings found.

**NOTICES**
No Notices found.

**SUMMARY**
CASE DETAILS                              CURRENT PRESIDING JUDGE

| | | | |
|---|---|---|---|
| **File Date** | 7/23/2019 | **Court** | 133rd |
| **Case (Cause) Location** | Civil Intake 1st Floor | **Address** | 201 CAROLINE (Floor: 11) HOUSTON, TX 77002 Phone:7133686200 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | Debt/Contract - Consumer/DTPA | **JudgeName** | JACLENEL McFARLAND |
| **Next/Last Setting Date** | N/A | **Court Type** | Civil |
| **Jury Fee Paid Date** | 7/23/2019 | | |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| MA, QINGGANG | PLAINTIFF - CIVIL | | PEVETO, TARA LACE |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | DEFENDANT - CIVIL | | SMITH, SARAH RUSSELL |
| QI, SULAN | PLAINTIFF - CIVIL | | PEVETO, TARA LACE |
| HUDSON, ADAM | DEFENDANT - CIVIL | | |

UNITED PROPERTY & CASUALTY INSURANCE      REGISTERED AGENT
COMPANY BY SERVING ITS

## INACTIVE PARTIES
No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 8/20/2019 | ANSWER ORIGINAL PETITION | | | 0 | | SMITH, SARAH RUSSELL | UNITED PROPERTY & CASUALTY INSURANCE COMPANY |
| 7/23/2019 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 7/23/2019 | ORIGINAL PETITION | | | 0 | | PEVETO, TARA LACE | QI, SULAN |
| 7/23/2019 | ORIGINAL PETITION | | | 0 | | PEVETO, TARA LACE | MA, QINGGANG |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|-----------|--------|-----------|--------|--------|----------|----------|----------|-----------|
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | HUDSON, ADAM | 7/23/2019 | 7/24/2019 | | | | 73649232 | E-MAIL |
| | 13406 PRESTON CLIFF COURT HOUSTON TX 77077 | | | | | | | | | |
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | UNITED PROPERTY & CASUALTY INSURANCE COMPANY BY SERVING ITS | 7/23/2019 | 7/24/2019 | | | | 73649236 | E-MAIL |
| | 1999 BRYAN STREET STE 900 HOUSTON TX 75201 | | | | | | | | | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 86742363 | Defendant, United Property & Casualty Insurance Company's Original Answer to Plaintiff's Original Petition | | 08/20/2019 | 5 |
| 86742404 | Defendant, United Property & Casualty Insurance Company's Election of Legal Responsibility Under Section 542A.006 of The Texas Insurance Code | | 08/20/2019 | 3 |
| -> 86742405 | Order of Dismissal of Defendant (Proposed) | | 08/20/2019 | 1 |
| 86413434 | Citation return re: Adam Hudson | | 07/30/2019 | 2 |
| 86418482 | Citation return re: United Property and Casuality Insurance Company | | 07/30/2019 | 2 |
| 86303059 | Plaintiffs Original Petition, Jury Demand, and Request for Disclosure | | 07/23/2019 | 19 |
| -> 86303060 | Request for Service Citations | | 07/23/2019 | 2 |